**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**EDWARD K. MCGEHEE**                                                      **PLAINTIFF**

**VS.**                                      **CASE NO.  4:04CV001416**

**UNION PACIFIC LONG-TERM DISABILITY PLAN**
**AND CONCENTRA INTEGRATED SERVICES, INC.**                **DEFENDANTS**

<u>**ORDER GRANTING DEFENDANT'S**</u>
<u>**MOTION FOR JUDGMENT ON THE RECORD**</u>

Pending is the Defendants' motion for Judgment on the Pleadings and Plaintiff's trial brief.  For the reasons set forth below, the Defendants' Motion is GRANTED.

<u>Undisputed Facts</u>

Plaintiff began receiving long term disability ("LTD") benefits from the defendant ("Plan") in 2001.  (AR 1).  The Plan contains a provision that prevents a recipient of LTD benefits from receiving LTD benefits while receiving income from other identified sources. (*Id.*).  The Plan offsets LTD benefits "by any other benefits directly payable to you and your family from Social Security, Workers' Compensation, Railroad Retirement, Railroad Unemployment Insurance Act or any other state or federal program."  (*Id.*).

In about 2002, Plaintiff began receiving Railroad Retirement Benefits.  Part of those benefits were paid directly to Plaintiff's ex-wife.  The Plan offset the entire amount of the Plaintiff's Railroad Retirement payment, including that part paid to the Plaintiff's ex-wife.  In applying the Plan terms to the Plaintiff's LTD claim, the Plan Administrator construed the Offset Provision to require a reduction of Plaintiff's LTD benefits by the full amount originally awarded

to him by the Railroad Retirement Board, including the portion of the benefits that the Board

ultimately paid to Plaintiff's ex-wife.  (AR 46-47; 52-53).

      Plaintiff appealed the Plan Administrator's decision, and after review, the Plan

Administrator denied the appeal.  The Plan Administrator explained that "benefit offsets are

calculated on the amount of annuity that an employee is entitled to receive."  (AR 52).  "The plan

offsets RRB benefits for all employees based upon the date of entitlement and the amount of

entitlement.  Under no situation does the plan base its calculations on amounts payable after

deductions.  To do so would be to make UP responsible for repayment of an employee's

liabilities under any situation in which there is a court ordered lien."  (AR 47, 53).

      Further, in denying Plaintiff's claim, the Plan Administrator explained:

> The intent of the offset provision of the Plan is to permit the Plan
> to take into account benefits that a Plan participant is awarded by
> the Railroad Retirement Board or other sources identified in the
> Plan.  This Plan provision prevents Plan participants from "double-
> dipping" by receiving 100% of his/her Plan benefit and at the same
> time receiving benefits from the Railroad Retirement Board or
> other sources identified in the Plan.  Without such an offset, a Plan
> participant may in some cases be in a better position than they were
> prior to becoming disabled.   The Plan does not define "benefits
> directly payable to you", but a reasonable interpretation is that such
> phrase means amounts entitled to be received by a Plan participant
> as a benefit from the Railroad Retirement Board or other sources
> identified in the Plan.  Any other interpretation would produce the
> unreasonable result of placing the economic burden of Mr.
> McGehee's court-ordered obligation on the Plan. . . .

(AR 1-2).

## Standard of Review

      ERISA provides for judicial review of disability benefit denial decisions.  The Supreme

Court has recognized that a deferential standard of review is appropriate under 29 U.S.C. §

1132(a)(1)(B), if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  The Plan provides the following:

> In carrying out their respective responsibilities under the Plan, the Plan Administrator, Concentra, and other plan fiduciaries shall have discretionary, authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan.  Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effort unless it can be shown that the interpretation or determination was arbitrary and capricious.

(AR 33).

Plaintiff argues that the Court must apply a sliding scale review because of the procedural error/conflict of interest analysis under *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160-01 (8th Cir. 1998).  The Eighth Circuit has held that some less deferential standard of review is triggered where the plaintiff presents "material, probative evidence demonstrating that (1) a palpable conflict of interest ... existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to her." *Woo,* 144 F.3d at 1160.  It is only after a plaintiff clears this initial "two-part gateway requirement," that a court should apply the "sliding scale approach." *Id.* at 1161.

Plaintiff claims that Defendants have a conflict of interest because Defendants fought to preclude the Divorce Decree from consideration as part of the administrative record.  Plaintiff's argument is based on the positions that the Defendants have taken in this litigation with respect to which documents should be considered as part of the Administrative Record.  The actions of the Defendants in this litigation do not support a finding of a conflict of interest or a breach of fiduciary duty.  Additionally, the Court previously denied Plaintiff's request to supplement the administrative record or to remand the case.

The Court finds that Plaintiff has not met his burden of showing that a serious breach of fiduciary duty occurred.  Thus, the deferential standard of review is appropriate in this case.  *See Glenn v. Life Ins. Co. of North America,* 240 F.3d 679, 681 (8th Cir. 2001).

In applying an abuse of discretion standard, the reviewing Court must affirm if a "reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision."  *Ferrari v. Teachers Ins. and Annuity Ass'n*, 278 F.3d 801, 807 (8th Cir. 2002).  A reasonable decision is one based on substantial evidence that was actually before the plan administrator.  Substantial evidence is defined as "more than a scintilla but less than a preponderance."  *Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 949 (8th Cir. 2000).  A reviewing court may consider both the quantity and the quality of evidence before a plan administrator.

<u>Discussion</u>

Plaintiff argues that the Plan Administrator wrongly interpreted the Plan documents in determining that his LTD benefits should be reduced by the full amount awarded by the Railroad Retirement Board.   Plaintiff argues that the deduction from the award provided to Plaintiff's ex-wife was not a "court ordered reduction" but rather constituted a division of marital property under Arkansas law.  However, this argument was not presented to the Plan Administrator. "When reviewing a denial of benefits by an administrator who has discretion under an ERISA-regulated plan, a reviewing court 'must focus on the evidence available to the plan administrators at the time of their decision and may not admit new evidence or consider *post hoc* rationales.'"  *King v. Hartford Life and Acc. Ins. Co.,*  414 F.3d 994, 999 (8th Cir. 2005).

During the review of Plaintiff's claim, Plaintiff argued that the payment to his ex-wife

4

was "not considered payable to him and his family" pursuant to the policy; the interpretation of the plan administrator was "arbitrary and capricious;" and, the terms, as set out in the plan, are "ambiguous at best."  (AR 38, 50)

The Plan allowed the Plan Administrator to reduce the LTD benefits Plaintiff received by the amount of any other benefits "directly payable to you and your family" from other sources including Railroad Retirement.  The Plan Administrator reasonably interpreted this provision  to mean amounts entitled to be received by a Plan participant as a benefit from the Railroad Retirement Board or other sources identified in the Plan.  Even if the Court were to consider the divorce decree as argued by Plaintiff, the Plan Administrator could have reached the same interpretation as the decree recognized that the benefits the Plaintiff's ex-wife are entitled to receive are a   "share of Defendant's railroad retirement benefits which vested during the course of the marriage . . . ."  The benefits paid to Plaintiff's ex-wife are those which, but for the divorce, Plaintiff would have been entitled to receive.

The Eleventh Circuit addressed similar plan language requiring that benefits would be reduced by other benefits "payable" to participants, and upheld the plan administrator's decision to offset the portion of a participant's worker's compensation award payable to the participant's attorney.  *Collins v. American Cast Iron Pipe Co.*, 105 F.3d 1368 (11th Cir. 1997).  The participant in *Collins* argued that the offset should only have included the amount received by him and not the portion of the settlement paid to his worker's compensation attorney.  The Court framed the dispute as being "about who pays the attorney's fees: [the participant] or the Plan" and ultimately found the entire settlement "payable" to the participant.

The Court finds that it was reasonable for the Plan Administrator to determine that the

phrase "benefits directly payable to you" included the amount of benefits to which a Plan participant was entitled to receive.  The Plan Administrator reasonably concluded that any other interpretation would produce the result of placing the economic burden of Plaintiff's obligation on the Plan.  Accordingly, the Plan Administrator's decision was reasonable and not arbitrary and capricious.

For these reasons, the Defendant's Motion (Docket # 21) is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 21st  day of March, 2008.

_____
James M. Moody
United States District Judge